UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BLANCHE O'NEAL,

            Plaintiff,

    -against-

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF KINGS; JUDGE EDGAR G. WALKER; 23A VERNON LLC; DISTRICT ATTORNEY ERIC GONZALEZ; LETITIA JAMES; KNICKERBOCKER TITLE COMPANY, d/b/a Knickerbocker Abstract Title Co.; STEWART KNICKERBOCKER; COLIE GALLMAN JR.; COLLIE GALLMAN; 23A VERNON HOLDINGS LLC; ESTATE OF LILLIAN HUDSON, a/k/a John Doe, Administrator; KIM GRATE, Executor or Personal Representative of the Estate of Lillian Hudson; JAY MARKOWITZ; and STEWART TITLE COMPANY,

           Defendants.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

25-CV-3155 (NRM)(JRC)

NINA R. MORRISON, United States District Judge:

Plaintiff Blanche O'Neal filed this fee-paid *pro se* action on June 5, 2025. ECF No. 1. By Order dated July 16, 2025, the Court directed Plaintiff to Show Cause why her claims should not be dismissed as frivolous and for lack of subject-matter jurisdiction. ECF No. 24. Plaintiff filed her Response on August 13, 2025. ECF No. 27. On September 26, 2025, Plaintiff moved for summary judgment. ECF No. 28. As Plaintiff's Response fails to address the deficiencies in the Complaint, the action is hereby dismissed and motion for summary judgment denied as moot.

The original Complaint described a dispute over ownership of real property located at 23A Vernon Avenue in Brooklyn, New York and civil and criminal

1

proceedings in the Supreme Court of the State of New York, County of Kings, related to Plaintiff's claims to possession of the property. ECF No. 1. After Plaintiff was convicted of grand larceny and related charges under Indictment # 5825/2015 and judgment was entered against her in a civil proceeding under Index No. 500069/15, Plaintiff "invoked the jurisdiction of the Royal Tribal Supreme Court of the Guale Yamassee Tribal Republic." *Id.* at 13–15, 52–53, 67–68.[1] Plaintiff requested that this Court enjoin the state court proceedings, uphold the "Tribal Order of Removal," and issue a general declaration that "state courts must defer to tribal jurisdiction until tribal remedies are exhausted." *Id.* at 41–43. She also sought additional injunctive and declaratory relief and $15 million in monetary damages. *Id.* at 29–45.

The Court's July 16, 2025 Memorandum & Order found that the Supreme Court of the State of New York, Justice Edgar G. Walker, Kings County District Attorney Eric Gonzalez, and New York State Attorney General Letitia James are immune from suits for damages. ECF No. 24 at 6–8. To the extent that the Complaint may have been construed as asking this Court to review and overturn the state court judgments and reopen the proceedings, the Court found that it lacked jurisdiction under *Heck v. Humphrey* and the *Rooker-Feldman* doctrine. *Id.* at 8–10. The Court also rejected Plaintiff's claim that 28 U.S.C. § 1362 should apply to her case because the statute applies to tribes that are federally recognized, not to

---

[1] The pages of the Complaint and its exhibits and the Response and its exhibits are not consecutively paginated. The Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

2

individuals; applies to federal laws, not state laws; and gives jurisdiction to the federal district courts, not to tribal courts.  *Id.* at 10–11.

In her subsequent Response to the Order to Show Cause, Plaintiff repeats the factual allegations in support of her claim to ownership of 23A Vernon Avenue and her challenges to the civil and criminal proceedings in state court.  ECF No. 27 at 2–5.  She does not assert any exceptions to *Heck v. Humphrey* and the *Rooker-Feldman* doctrine; nor does she otherwise demonstrate that this Court has jurisdiction to intervene in these state court proceedings.  Plaintiff also repeats her arguments related to the "tribal exhaustion doctrine" and "tribal jurisdiction" and describes herself as a "Guale Yamassee Tribal Republic [M]ember."  *Id.* at 2, 6.  However, she does not allege that the Guale Yamassee Tribal Republic is an Indian tribe with a governing body recognized by the Secretary of the Interior and that it brought a suit in federal court involving federal laws, as would be required for a federal district court to have jurisdiction over her claims under 28 U.S.C. § 1362.

Plaintiff does raise one new claim in her Response: that her right to equal protection of the laws was violated by "Defendants' refusal to recognize tribal court orders, disparate application of state law for disadvantageous [*sic*] tribal members, and actions motivated by animus toward indigenous status."  ECF No. 27 at 8.  However, she does not provide any examples of racial animus, racial discrimination, or disparate treatment on the basis of race or any factual allegations from which the Court could reasonably draw that inference.  Accordingly, the Court finds that this new claim is "wholly insubstantial and frivolous" and cannot provide a basis for subject matter jurisdiction here.  *See S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624

3

F.3d 123, 132 (2d Cir. 2010).

## **CONCLUSION**

As Plaintiff's Response fails to present any grounds for the Court to alter its previous findings that multiple Defendants are immune from suit and that the Court lacks jurisdiction over Plaintiff's challenges to the state court proceedings, the action is hereby dismissed as frivolous and for lack of subject-matter jurisdiction. Plaintiff's federal claims are dismissed with prejudice. The state law claims are dismissed without prejudice. Plaintiff's motion for summary judgement is denied as moot.

Although Plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment, mail a copy of this Order and the Judgment to Plaintiff, and note the mailing on the docket.

SO ORDERED.

                                            */s/ Nina R. Morrison*
                                            NINA R. MORRISON
                                            United States District Judge

Dated:      Brooklyn, New York
              October 8, 2025